# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDERICK WARREN, #B58882,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:21-cv-00538-SMY |
| ) | |
| **L. LANE, and** ) | |
| **LT. MCCARTHY,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Frederick Warren, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): On March 31, 2020, Plaintiff's cellmate, Inmate Gatewood, told C/O Lane that he was going to assault Plaintiff. C/O Lane notified Lt. McCarthy that Inmate Gatewood was threatening to assault Plaintiff. Lt. McCarthy directed C/O Lane to give Inmate Gatewood a request slip to fill out to be moved to another cell. Neither C/O Lane nor Lt. McCarthy took any action to protect Plaintiff from Inmate Gatewood's threat. The same day that Inmate Gatewood made the threat, he attacked Plaintiff and struck him several times in the face.

Based on the allegations in the Complaint, the Court designates the following claim in this

*pro se* action:

>Count 1: Eighth Amendment claim against Defendants Lane and McCarthy for failing to protect Plaintiff from an assault by his cellmate.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

An Eighth Amendment failure to protect claim arises when a plaintiff is incarcerated under conditions posing a substantial risk of serious harm and the defendant acts with deliberate indifference to the Plaintiff's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir. 2010). To state a viable claim, a plaintiff must allege "a tangible threat to his safety or well-being" and "a substantial risk of future harm." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011). The allegations in the Complaint are sufficient for Plaintiff to proceed on the failure to protect claim in Count 1 against Defendants Lane and McCarthy.

## Disposition

The Eighth Amendment failure to protect claim in the Complaint (Doc. 1) will proceed against Defendants L. Lane and Lt. McCarthy.

The Clerk shall prepare for Lane and McCarthy: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date

the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER**

the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  June 28, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.